MITCHELL REALTY COMPANY and another, Respondents, vs. CITY OF WEST ALLIS, Appellant.

*November 16—December 8, 1925.*

*Municipal corporations: Pollution of stream: Action for damages caused by several defendants: Assessment of damages on record after remittitur: New trial: Finding as to damages: Sufficiency of evidence.*

1. In an action against a city and private corporations for the abatement of a nuisance consisting in the pollution of a stream, and also for damages, the plaintiff who claims money damages has the burden of establishing to a reasonable certainty the amount of the damage caused to its property by the alleged unlawful acts of the defendant.   p. 309.

2. Although on a former appeal the action was remanded for further proceedings because decided on an erroneous theory, and this court stated in its opinion that, assuming the plaintiffs to be entitled to a recovery, the damages must be computed in accordance with the undisputed testimony, and that such damages should have been materially increased, it does not necessarily follow that under the mandate of this court the defendant city is entitled to a new trial on the question of damages, if sufficient evidence has already been given for a just assessment thereof.   pp. 309, 310.

3. Evidence given in the previous trial is *held* sufficient to show the proportion of damage caused by the city; and a judgment on computations by the court, after *remittitur,* of the proportion of damage so caused, which was based on all the testimony given on the first trial, will not be disturbed, especially where there was no application for a new trial or for the taking of additional evidence.   p. 311.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Joseph E. Tierney,* attorney, and *George M. Hanley,* of counsel, both of Milwaukee, and oral argument by *Mr. Tierney.*

*Timothy J. Hannan* of Milwaukee, for the respondent *Mitchell Realty Company.*

JONES, J. This is the second appeal in this action. The previous decision of this court is reported in volume 184 of the Wisconsin Reports on page 352. This appeal is from a supplemental judgment entered by the trial court on the proceedings subsequent to the *remittitur.* The facts are quite fully set forth in the opinion on the first appeal and need not be here stated, except as to subsequent matters. The mandate of this court on the first appeal herein directed that the judgment be reversed, and the cause be remanded with directions for further proceedings in accordance with the opinion.

After argument and a hearing the trial court re-affirmed the original findings of fact from 1 to 19, inclusive, and made supplemental findings of which only a brief and partial synopsis will be given. Among other things it was found that for a long period, as the result of the discharge of polluted water from the sewer of the city of *West Allis* and industrial plants, the waters of Honey creek became grossly polluted and increased and the stream frequently overflowed its banks and a considerable portion of the plaintiff's lands and lands of the city of Milwaukee; that such overflow remained thereon for periods of from twelve hours to three days, causing the lands to become waterlogged and packed; that although the quantity of this effluent from the respective sources varied, the composition, putridity, and injurious characteristics thereof were and are substantially similar at all points of origin or discharge; that when the water re-

ceded "it left a sediment on the celery plants which decayed, and covered the land with a coating of a discolored and deleterious substance, souring and rendering the soil of forty-five acres of the Mitchell land utterly unfit and worthless for any agricultural purpose and entirely destroying the rental value of the same, and also souring and rendering the soil of twenty-three additional acres of the Mitchell land partially unfit and worthless for agricultural purposes and partially destroying the rental value of the same; that such entire loss of rental value from said forty-five acres and said partial loss of rental value from said twenty-three additional acres has been continuous for upwards of six years before, and ever since, the commencement of this action."

Findings were made that during the past twelve or thirteen years such polluted condition became gradually increased, causing vile odors, and that now the overflow is almost daily, as the direct result of the increased volume of water thrown into the stream by the defendant city and the industrial plants. There were detailed findings as to the origin and effect of the offensive and noxious odors and that the acts of the city and said industrial plants have caused and still cause a nuisance which is continuous in its nature. It was further found that "the reasonable annual rental value from and after June 4, 1912, of the forty-five acres of land rendered valueless as the proximate result of the conduct of the defendant city of *West Allis* and said industrial plants hereinbefore found, all things considered and under natural overflowing conditions reasonably to be expected in the locality in question, is fifty dollars per acre; that the reasonable annual rental value from and after June 4, 1912, of the twenty-three additional acres of land rendered partially valueless as the proximate result of the conduct of the defendant city of *West Allis* and the aforesaid industrial plants, all things considered and under natural overflowing conditions reasonably to be expected in the locality in question, is fifty dollars per acre, but that there

*West Allis* said sum of $32,343 and costs. The following are the assignments of error:

"That the trial court erred in failing to require plaintiff to establish to a reasonable certainty the extent of damage caused to its property through the wrongful acts of defendant and appellant.

"The trial court erred in computing the damages sustained by the plaintiff to the amount of $32,343 without evidence to sustain the same."

It is correctly claimed by counsel for the appellant that the burden rested on the plaintiff to establish to a reasonable certainty the amount of damage caused to its property by the alleged unlawful acts of the defendant. It is argued that it was the intention of this court that there should be a new trial on the question of the plaintiff's damages resulting solely from the acts of the defendant, and this claim is based largely on the following language in the former opinion:

"Assuming, therefore, that the plaintiffs are entitled to recovery herein, the damages must be computed in accordance with the undisputed testimony, and under such testimony such damages should have been materially increased over and above the amount actually allowed. The action, however, having been tried upon the erroneous theory indicated by the opinion, the judgment of the lower court must be reversed." *Mitchell Realty Co. v. West Allis,* 184 Wis. 352, 199 N. W. 390.

It is claimed that it could not have been the intention that the damages could be obtained by computations based merely on the testimony given in the former proceeding. It is asserted that the record is barren of any evidence upon which the amount of damages could be ascertained; that in the former hearing the defendant claimed and offered its proof to show that it was in no way liable and that the pollution of the stream was caused by the acts of six other riparian owners located on the stream below the septic tanks

of the defendant city and that this was the principal issue in the case. Appellant's counsel refer to testimony tending to show that these six effluents contained elements and deleterious substances which operated on the plaintiff's land in a separate and distinct manner. It is urged in detail that the effluent from these plants contained highly deleterious organic matter; that from some of them the effluent was nitrogenous in character; that in others there was sulphuric acid and iron in solution; that from other plants there was a discharge of oily and greasy substances from domestic sewage. There was testimony on behalf of the defendant as to chemical analyses tending to show that the acid condition of the soil of the plaintiff's land resulted from effluent discharged by certain of these six industrial plants already referred to. It is true that the judgment of the trial court at the first hearing proceeded upon the theory that the defendant and others contributing to the pollution of the stream were joint tortfeasors and were each jointly and severally liable for the entire damage, and that on appeal this court held that the defendant was not alone so liable. It is vigorously argued that because the case was decided by the court below on the wrong theory the appellant was entitled to a new trial on new evidence. But under the mandate this did not necessarily follow, provided sufficient evidence had been given for a just assessment of damages. That the acts of the defendant entitled the plaintiff to damages is no longer questioned. But it is hardly correct to say that there was no evidence on which a computation could be made of the damage caused by the defendant.

It appeared that there were eight industrial plants located in the city of *West Allis* above the east-side septic tanks which were required by ordinances to be connected with the sanitary and storm sewers of *West Allis,* and some of these discharged effluent similar to some of the six plants above mentioned. There was testimony by an expert, based on observations made over a period of six years and many

Mitchell Realty Co. v. West Allis, 188 Wis. 305.

chemical analyses, tending to show that the defendant was responsible for eighty per cent. of the condition of Honey creek and that the industrial plants were responsible for twenty per cent. There was other testimony of a similar character attributing most of the pollution to that caused by the defendant. There was also evidence tending to show that frequent overflowing of lands by pure water which remains on the soil for more than a period of twelve hours will waterlog the soil and prevent aeration, resulting in solidification of the soil. The trial was a long one, continuing for about twenty-eight days, during which a vast amount. of testimony was taken, much of which was conflicting. The trial court seems to have been liberal in admitting evidence on the various issues, and it is stated in one of the briefs that before final judgment the court submitted a tentative opinion to the respective counsel apportioning the damages, but finally adopted the theory in the judgment. After the cause was remitted for further proceedings the trial court considered the testimony, adopted some of the former findings, and made additional findings. In so doing the court did not entirely accept the statements or conclusions of any of the witnesses, but made his findings based on all the testimony. We cannot say that the computations and conclusions thus made were not based on sufficient evidence.

The plaintiff caused the costs to be paid and the record with the *remittitur* to be returned and filed with the clerk of the circuit court, and gave due notice that the case would be brought on for further proceedings in accordance with the opinion of this court and the mandate. Arguments were made before the trial court, and subsequently the findings were made. It is significant that the record does not show that any application was made for a new trial or for the taking of additional evidence. Under all the circumstances we see no reason for disturbing the judgment appealed from.

The point is raised by counsel for the respondent that a judgment in the lower court pursuant to the mandate of this court is in effect the judgment of this court and is not appealable, but it is unnecessary to decide this question.

*By the Court.*—Judgment affirmed.